IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JESUS FERNANDEZ,   CASE NO. 12-25157-AJC

        Debtor.
_____/


GREAT FLORIDA BANK,

        Plaintiff,   CASE NO. _____

v.

JESUS FERNANDEZ,

        Defendant.
_____/

### COMPLAINT OF GREAT FLORIDA BANK TO EXCEPT ITS DEBT FROM DISCHARGE UNDER 11 USC 523(a)(2), (4) AND (6) AND OTHER RELIEF

Plaintiff, Great Florida Bank ("**GFB**"), sues defendant, Jesus Fernandez ("**Fernandez**"), to except from discharge the indebtedness owed by Fernandez to GFB. In support hereof, GFB, by its undersigned attorneys, respectfully represents as follows:

#### Jurisidction

1. This is an action by GFB to except from discharge indebtedness owed to it by Fernandez.

2. This court has jurisdiction over this matter under 28 USC 157(b)(2)(I) and 28 USC §1334.

3. All conditions precedent to bringing this action, if any, have been performed or have occurred.

1

**Background**

4. GFB is a Florida bank doing business in the County of Miami-Dade, and the State of Florida.

5. Fernandez is a resident of Miami-Dade County, Florida, is the Debtor in the above-referenced case, and is Defendant herein.

6. Herman and Katie Diehl (the "Diehls") owned a parcel of real property located at 6903 NW 113th Place, Doral, Florida 33178 (the "Property"). The Property was encumbered by a mortgage in favor in the original principal amount of $900,000 of Countrywide Home Loans, Inc. ("Countrywide Mortgage"). The Countrywide Mortgage was recorded in the Official Records Book 24232, Page 2780, of the Official Records of Miami-Dade County, Florida (the "Countrywide/Diehl Mortgage").

7. A warranty deed dated December 12, 2007 – that bore forged signatures in the names of the Diehls – purported to convey the Property from the Diehls to Fernandez (the "Forged Diehl Deed"). Upon information and belief, Fernandez forged the Forged Diehl Deed himself, or had the deed forged for his benefit to obtain the Property by fraud.

8. On December 12, 2007, in reliance upon the Forged Diehl Deed, Regions Bank, d/b/a Regions Mortgage ("Regions Bank"), loaned Fernandez the sum of $980,000 (the "Regions Bank Loan"), which Fernandez purported to secure with a purchase money mortgage on the Property (the "Regions Bank Mortgage").

9. On December 13, 2007, before the Forged Diehl Deed or the Regions Bank Mortgage were recorded, the Diehl's did, in fact, execute and deliver a warranty deed conveying

title to the Property to an entity known as HDKD, LLC. The aforesaid deed was recorded in the Official Records for Miami-Dade County, Florida at 26127, Page 2153 (the "Valid Diehl Deed").

10. Later that same day, on December 13, 2007, HDKD executed and delivered to Fernandez a warranty deed, again conveying the Property to Fernandez (the "HDKD Deed"). In connection with this transfer, Fernandez obtained a purchase money loan from BAC Home Loans Servicing, LP, f/k/a Country Wide Home Loan ("BAC"), in the original principal amount of $816,750 (the "BAC Loan"). The BAC Loan was evidenced by a promissory note, and secured by a purchase money mortgage on the Property (the "BAC Mortgage"). The BAC Mortgage was recorded in the Official Records for Miami-Dade County, Florida at Book 26127, Page 2158.

11. Following issuance of the BAC Loan, on or about December 13, 2007, Fernandez wired to funds to Countrywide to retire Countrywide/Diehl Mortgage. The funds to retire the Countrywide/Diehl Mortgage were ostensibly the proceeds of the Regions Bank Loan.

12. The Forged Diehl Deed and the Regions bank Mortgage were not recorded with the Official Records for Miami-Dade County, Florida, until two weeks after the filing of the HDKD Deed and the BAC Mortgage. It is likely that BAC did not know about the existence of the Regions Bank Mortgage and/or the Forged Diehl Deed at the time it made the BAC Loan.

13. On August 27, 2008, approximately eight (8) months after the Regions Bank Mortgage and BAC Mortgage were recorded, GFB loaned Fernandez the sum of $750,000 to refinance the Property (the "GFB Loan"). As security, GFB received a purchase money mortgage on the Property. In connection therewith, Fernandez led GFB to believe that GFB's mortgage on the property would constitute a first mortgage lien, and that the proceeds of the GFB Loan would be used to retire the Regions Loan (i.e., the only mortgage lien on the property

3

that GFB was told about by Fernandez and co-conspirators (the "GFB Mortgage"). The GFB Mortgage was recorded in the Official Records for Miami-Dade County, Florida at Book 26565, Page 1616.

14. At Fernandez' request, GFB used Doral Title Company ("Doral Title") to insure title to the Property (i.e., for purposes of the GFB Loan and the GFB Mortgage). Yet, upon information and belief, Fernandez maintained an undisclosed relationship with or interest in Doral Title, which was unknown to GFB.

15. The title underwritten by Doral Title, and upon which GFB relied in making the GFB Loan, did not disclose the existence of the BAC Mortgage. The title report only disclosed the existence of the Regions Mortgage, which GFB did not know had been procured by fraud.

16. Fernandez defrauded GFB by purporting to grant it a first mortgage lien against the Property. Instead, the GFB Mortgage was preceded by two mortgage liens. Both of these prior liens were in full force and existence at the time of that Fernandez borrowed funds from GFB under the GFB Loan and executed GFB Mortgage.

17. In a nutshell, Fernandez orchestrated a massive fraud, whereby he obtained three loans secured by the Property (i.e., the Regions Loan, the BAC Loan and the GFB Loan), and defrauding each of the three lenders into believing that they were obtaining either a legitimate and/or (first) purchase money lien against the Property. Akin to a Ponzi scheme, Fernandez and his accomplices engaged in a musical chairs game, in which one or more of the lenders was going to be left with a lien against the Property, but no equity to secure the debt (i.e., a chair).

18. At present, it is not known how or when Fernandez used all of the misappropriated funds from the three loans obtained from the three lenders. All that is known is that the Countrywide Mortgage and the Regions Bank Mortgage have each been retired.

19. As of the date hereof, the BAC Loan and the GFB Loan remain outstanding. BAC is allegedly owed in excess of $750,000, and GFB is owed in excess of $900,000.

20. Furthermore, the value of the Property is substantially less than the balance owed to both BAC on the BAC Loan, and GFB on the GFB Loan. And, Fernandez is default under each of the BAC Loan and the GFB Loan, respectively.

### The BAC Foreclosure Action

21. On or about February 24, 2010, BAC filed a mortgage foreclosure action against Fernandez, GFB and others, in the Circuit Court for Miami-Dade County, Florida (the "BAC Lawsuit"). The BAC Lawsuit was assigned case number 10-12837-CA-23.

22. Fernandez did not timely answer the complaint in the BAC Lawsuit, and is in default. Furthermore, GFB has asserted counterclaims and cross claims in the BAC Lawsuit against BAC and others asserting, inter alia, that the GFB Mortgage takes priority over the BAC Mortgage.

23. If GFB were to lose its counter/cross claims, the BAC Mortgage would be deemed superior, and BAC would foreclose the BAC Mortgage on the Property. GFB would then suffer a loss of at least $900,000, as it would be left with a fully unsecured loan.

24. Had GFB known of the existence of the BAC Mortgage and the Forged Diehl Deed, it would not effected the GFB Loan.

25. GFB has been defrauded by Fernandez. For this reason, the sums owed by Fernandez to GFB in regards to the GFB Loan should be excepted from discharge in Fernandez' chapter 7 case.

## COUNT I
## EXCEPTION FROM DISCHARGE UNDER 11 USC 523(a)(2)

26. Plaintiff, GFB, realleges and reincorporates the allegations in paragraphs 1 through 25, above.

27. GFB loaned Fernandez the sum of $750,000 to refinance the Property, which is defined above as the GFB Loan.

28. To obtain the GFB Loan, Fernandez completed various loan applications and forms for GFB, and met with GFB employees, and never once disclosed the existence of the the Forged Diehl Deed, the BAC Loan and/or BAC Mortgage.

29. Furthermore, as part of a master fraud, Fernandez executed (or had executed for him ), the Forged Diehl Deed, thereby enabling him to take title to the Property on a fraudulent basis, and further enabling him to procure the Regions Loan by fraud and under fraudulent pretenses.

30. Fernandez also defrauded GFB by working with Doral Title and others, to conceal the existence of the BAC Loan, and to obtain the GFB Loan without disclosing the existence of, among other things, the Forged Diehl Deed, the BAC Loan and/or BAC Mortgage.

31. Under 11 U.S.C. § 523(c)(2)(A), Fernandez obtained money, property and credit from GFB under false pretenses, through the use of false representations, and/or through actual fraud. All of the above facts were part of a master fraud/conspiracy by Fernandez to defraud GFB and others, and to conceal liens against the Property for purposes of obtaining new loans.

32. Under 11 U.S.C. § 523(c)(2)(B), Fernandez used statements in writing, consisting of false loan applications, a false title insurance report, and other documents, upon which GFB relied for purposes of making the GFB Loan and issuing the GFB Mortgage. The writings issued by or under the direction of Fernandez, (a) were materially false; (b) concerned or directly affected the financial condition of Fernandez and/or his property; (c) were relied upon by GFB to its detriment; and (d) were made, or caused to be made, by Fernandez with the intent to deceive GFB.

**WHEREFORE**, Plaintiff, GFB, demands judgment against Defendant Fernandez, excepting from discharge under 11 U.S.C. § 523(c)(2)(A) and 11 U.S.C. § 523(c)(2)(B), the sums owed by Fernandez to GFB under the GFB Loan, the GFB Mortgage and related documents, and such other and further relief as this Court deems just and proper.

## COUNT II
## EXCEPTION FROM DISCHARGE UNDER 11 USC 523(a)(4)

33. Plaintiff, GFB, realleges and incorporates herein the allegations contained in paragraphs 1 through 25, and 27 through 32 above.

34. GFB loaned Fernandez the sum of $750,000 to refinance the Property, which is defined above as the GFB Loan.

35. To obtain the GFB Loan, Fernandez completed various loan applications and forms for GFB, and met with GFB employees, and never once disclosed the existence of the Forged Diehl Deed, the BAC Loan and/or BAC Mortgage.

36. Furthermore, as part of a master fraud, Fernandez executed (or had executed for him ), the Forged Diehl Deed, thereby enabling him to take title to the Property on a fraudulent basis, and further enabling him to procure the Regions Loan by fraud and under fraudulent pretenses.

37. Fernandez also defrauded GFB by working with Doral Title and others, to conceal the existence of the BAC Loan, and to obtain the GFB Loan without disclosing the existence of, among other things, the Forged Diehl Deed, the BAC Loan and/or BAC Mortgage.

38. Under 11 U.S.C. § 523(c)(4), Fernandez obtained money, property and credit from GFB through use of fraud. All of the above facts were part of a master fraud/conspiracy by Fernandez to defraud GFB and others, and to conceal liens against the Property for purposes of obtaining new loans.

39. Under 11 U.S.C. § 523(c)(4)(B), Fernandez engaged in larceny, by having stolen money from GFB, BAC and/or others that he did not intended to repay.

**WHEREFORE**, Plaintiff, GFB, demands judgment against Defendant Fernandez, excepting from discharge under 11 U.S.C. § 523(c)(4), the sums owed by Fernandez to GFB under the GFB Loan, the GFB Mortgage and related documents, and such other and further relief as this Court deems just and proper.

### COUNT III
### EXCEPTION FROM DISCHARGE UNDER 11 USC 523(a)(6)

40. Plaintiff, GFB, realleges and incorporates herein the allegations contained in paragraphs 1 through 25, and 27 through 32, and 33 through 39 above.

41. GFB loaned Fernandez the sum of $750,000 to refinance the Property, which is defined above as the GFB Loan.

42. To obtain the GFB Loan, Fernandez completed various loan applications and forms for GFB, and met with GFB employees, and never once disclosed the existence of the the Forged Diehl Deed, the BAC Loan and/or BAC Mortgage.

43. Furthermore, as part of a master fraud, Fernandez executed (or had executed for him ), the Forged Diehl Deed, thereby enabling him to take title to the Property on a fraudulent basis, and further enabling him to procure the Regions Loan by fraud and under fraudulent pretenses.

44. Fernandez also defrauded GFB by working with Doral Title and others, to conceal the existence of the BAC Loan, and to obtain the GFB Loan without disclosing the existence of, among other things, the Forged Diehl Deed, the BAC Loan and/or BAC Mortgage.

45. Under 11 U.S.C. § 523(c)(6), Fernandez obtained money, property and credit from GFB through use of fraud. All of the above facts were part of a master fraud/conspiracy by Fernandez to defraud GFB and others, and to conceal liens against the Property for purposes of obtaining new loans.

46. Fernandez acted with willful and malicious intent to cause economic injury to GFB.

**WHEREFORE**, Plaintiff, GFB, demands judgment against Defendant Fernandez, excepting from discharge under 11 U.S.C. § 523(c)(6) the sums owed by Fernandez to GFB under the GFB Loan, the GFB Mortgage and related documents, and such other and further relief as this Court deems just and proper.

Dated: September 28, 2012
       Miami, Florida

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A)

Respectfully submitted,

**BRENT A. FRIEDMAN, P.A.**
Counsel for Plaintiff, Great Florida Bank
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.   305.579.5111
Facsimile No.   305.579.5112
Email:   brent@brentfriedman.com

By: _/s/ Brent A. Friedman_____
    Brent A. Friedman
    Florida Bar No. 968838